DOROTHY STEWART, PETITIONER-DEFENDANT, v. WRIGHT AERONAUTICAL CORPORATION, A NEW JERSEY CORPORATION, RESPONDENT-PROSECUTOR.

Argued May 6, 1947—Decided January 12, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the petitioner-defendant, J. Lewis Abramowitz (Milton Schamach, of counsel).

For the respondent-prosecutor, John W. Taylor.

The opinion of the court was delivered by

BURLING, J. This is a workmen's compensation case, in which a temporary award was made by the Workmen's Compensation Bureau for temporary disability for a period of 47 days, in the amount of $134.28, and a further award of permanent disability calculated at 3% of total disability for the sum of $300. On an appeal to the Bergen County Court of Common Pleas, the award of the Bureau was affirmed without an opinion.

The matter comes before this court on the return of the writ of *certiorari* to review these proceedings.

The petitioner was employed by the respondent as a turret lathe operator from February, 1942. It was alleged in the claim petition that she sustained an accident on February 24th, 1945, on the premises of the respondent at its plant No. 7 in Woodbridge, New Jersey, while operating a lathe machine "oil splashed onto petitioner's both arms, hands and face, causing injuries thereto."

The period of temporary loss of employment did not occur until April 21st, 1945, and as heretofore stated lasted for forty-seven days.

The prosecutor sets down two reasons for the reversal of the judgment below.

1—Petitioner's disability was not occasioned by a compensable occupational disease or injury by "accident."

2—Respondent had no knowledge or notice of an injury by accident within the time and in the form required by *R. S.* 34:15–17 and 18.

The petitioner's disability was due to a skin disease termed "dermatitis venanata." This disease was not classified as a compensable occupational disease at the time of the event. The legislature in 1945 did add it to the list of compensable occupational diseases but the act was not effective until March 28th, 1945 (*Pamph. L.* 1945, *ch.* 43, *p.* 318, *art.* 1).

At the conclusion of the presentation of the evidence by the petitioner a motion to dismiss the petition was made by the respondent for the reason advanced as No. 1 hereinbefore set forth. When attention was called to the allegation in the petition hereinbefore referred to by the respondent on the

motion, application was made by the petitioner to amend the petition to allege "that the spraying of the machine and the oil superimposed upon scratches which petitioner had on her forearm caused the injuries which she developed."

In view of the fact that dermatitis venanata was not a compensable occupational disease at the time the event is alleged to have occurred, an accidental origin was necessary to recover. The petitioner's own testimony in this regard is vague and is not corroborated.

Upon reporting to the plant hospital on the day of the alleged event, the petitioner made no complaint of the injury by accident such as the cuts or scratches on her hands or forearms. Her statement at that time was "I have a rash on my arm. I do not know the cause. It is sore and a little itchy." The petitioner never made any statement relating to the cuts and scratches upon her hands or arms to any one, until the hearing. Dr. Harry Yolken, a physician (not a specialist in dermatology) whom petitioner consulted in a private capacity immediately prior to the filing of the claim petition, testified that the petitioner never gave him any history of cuts or scratches. His opinion (of a dermatitis resulting in scars) as to the physical condition claimed by the petitioner was upon the assumption of the existence of scratches which were exposed to oil. Ann Patricia Clark, a receptionist at the plant hospital of the respondent, one of whose duties it was to take histories of cases of the various people who went to the plant hospital, testified that petitioner stated to her that she had a rash and did not know the cause. Edward Ostrom, petitioner's foreman at respondent's plant, testified that petitioner gave him a comparable statement. Dr. Russell F. Maddren, called by the respondent, to whom the petitioner went for treatment, testified that the petitioner gave him no history of any cuts or scratches on the arms or face, but attributed her condition to her working in oil. Dr. Jacob J. Greengrass, called by the respondent, a dermatologist, who examined petitioner at the instance of the respondent, likewise testified that petitioner gave no history other than she was working in oil. Dr. Louis J. Bohl, a surgeon and orthopedist, called by the respondent, testified not to

cause but to the question of the non-existence of permanent disability.

Although this court will not lightly disturb findings of fact where the findings were in accord in the two lower tribunals, still it is the duty of this court to reach its own factual determination. We find no convincing evidence that there was an accident which produced the skin disease, and that the burden of the petitioner to establish that fact by the preponderance of the believable testimony was not borne.

This determination makes it unnecessary to proceed to the consideration of the second reason.

The judgment is reversed.